**DIXIE LIFE INSURANCE COMPANY,**
**Appellant,**

v.

**Winnie LANDRITH et vir, Appellees.**

**No. 7256.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 20, 1960.

Earl Luna, Dallas, for appellant.

Pat Beadle, Clarksville, for appellee.

FANNING, Justice.

Appellees sued appellant insurance company upon a $300 life insurance policy issued on the life of Frank Giddens, deceased, wherein Winnie Landrith was the named beneficiary, for $100 attorney fees, $36 penalties, all amounting to $436, and for court costs.

The insurance company defended on the ground that the deceased insured had made false material representations to the effect that the insured was in good health at the time the policy was taken out.

The insurance company also denied liability for attorney fees and penalties by reason of the same not being applicable to a statewide mutual assessment company such as appellant was.

Trial was commenced before a jury. At the close of the evidence the trial court instructed a verdict for appellee, Winnie Landrith, in the sum of $300, with interest at 6% from date of the judgment and costs of suit, as her separate property, against the appellant insurance company. No attorney fees or penalties were awarded against the appellant insurance company in the judgment. The insurance company has appealed.

■ Ordinarily the suit in question, considering the amount involved, would be a county court civil case; however under the provisions of Article 199, Sec. 102, Vernon's Ann.Civ.St., and Art. 1970, Sec. 314, the District Court of Red River County, Texas, where the suit was brought, was the proper forum for the suit in question, and therefore no question of our jurisdiction to hear the appeal is here involved.

■ After carefully examining the evidence adduced and the stipulations made by the parties, we hold that the trial court correctly instructed a verdict for appellee Winnie Landrith as shown by the record.

■ We further hold that the trial court did not err in excluding the various items of proffered evidence complained of by the appellant. Among these matters was a photostatic copy of a purported record of a Veteran's Hospital consisting of a narrative summary of August 23, 1951, with respect to the decedent insured, which purported record was not proved up or authenticated in any way as being an official hospital record of such hospital. The naked photostatic copy without any authentication or preliminary proving up of such purported record was clearly subject to the pertinent objections made to it by appellees' counsel, and the trial court properly excluded the same in the state of the record then before the court.

Appellant insurance company also thereafter made no effort to prove up the authenticity of the purported record.

■ Also the mere proof that the decedent was drawing a pension from the Veterans' Administration was no evidence of probative force sufficient to raise an issue of fraud in the procurement of the policy of insurance. Appellant offered no doctor to testify as to the decedent insured's health, and the naked photostatic copy heretofore referred to was properly excluded by the trial court and cannot be considered by this court as any evidence.

Finding no error in the record the judgment of the trial court is affirmed.